UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:15-cv-1663 AC P<br><br><br><br>ORDER |

Plaintiff is a former California state prisoner proceeding pro se with a putative civil rights complaint filed pursuant to 42 U.S.C. § 1983, and motion for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. For the reasons that follow, the court defers ruling on plaintiff's motion for leave to proceed in forma pauperis, and defers screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, pending receipt of plaintiff's notice of current address.

Although the screening of prisoner civil rights cases is often delayed due to this court's heavy workload, the delay in this action was excessive. Nevertheless, because it is unclear whether plaintiff remains incarcerated and/or wishes to proceed with this action, a brief further delay is necessary.

This action was filed by the Clerk of Court as a prisoner civil rights action under 42 U.S.C. § 1983 and state tort law. However, plaintiff also seeks to pursue this action under a

1

products liability theory pursuant to the court's diversity jurisdiction. See ECF No. 1-1 at 1. Named defendants include administrators and medical providers at High Desert State Prison and Banner Lassen Medical Center, as well as the manufacturers of a Bard/Davol hernia mesh product. Plaintiff alleges that he was injured as a result of receiving surgical implantation of the product and due to inadequate aftercare. The complaint seeks $5,000,000 compensatory damages and $5,000,000 punitive damages.

When plaintiff commenced this action he was incarcerated at the Sterling Correctional Facility (SCF), which is operated by the Colorado Department of Corrections (CDC). ECF No. 1. It is not clear whether plaintiff was then a Colorado state inmate or had been placed at SCF under the authority of the California Department of Corrections and Rehabilitation (CDCR) pursuant to an out-of-state contract between CDCR and CDC. Thereafter, plaintiff filed a notice of change of address to the Colorado Territorial Correctional Facility, ECF Nos. 6, 7, and then to Colorado's Arkansas Valley Correctional Facility, ECF No. 8.

However, the court's review of the inmate information websites operated by the CDC and CDCR suggests that plaintiff is no longer incarcerated in Colorado or California.[1] It is plaintiff's responsibility to keep the court apprised of his current address at all times. See Local Rules 182(f), 183(b). Therefore, the court will direct service of this order to plaintiff at his last address of record; this service will be fully effective as a matter of law. See Local Rule 182(f) ("Absent such notice [of current address], service of documents at the prior address of the . . . pro se party shall be fully effective.").

Should plaintiff receive this order he is directed to submit to this court, within thirty days after the filing date of this order, notice of his current address and a statement whether plaintiff wishes to proceed with this action. Failure of plaintiff to respond to this order within thirty days, provided the order is not returned by the U.S. Postal Service, shall result in a recommendation that this action be dismissed without prejudice. See Local Rule 110 ("Failure of . . . a party to

---

[1] This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Alternatively, if this order is returned by the U.S. Postal Service as undelieverable, failure of plaintiff to notify the court of his current address within sixty-three days thereafter shall result in a recommendation that this action be dismissed without prejudice. See Local Rule 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days after the filing date of this order, plaintiff shall provide this court with notice of his current address and submit a statement indicating whether plaintiff wishes to proceed with this action. Failure of plaintiff to timely respond to this order, if the order is not returned as undeliverable by the U.S. Postal Service, shall result in a recommendation that this action be dismissed without prejudice. Local Rules 110, 182(f).

2. Alternatively, in the event attempted service of this order is unsuccessful, thus preventing plaintiff's response, failure of plaintiff to notify the court of his current address within sixty-three (63) days after the return of the order by the U.S. Postal Service shall result in a recommendation that this action be dismissed without prejudice. Local Rule 183(b).

3. The Clerk of Court is directed to serve a copy of this order on plaintiff at his last address of record:

> Arkansas Valley Correctional Facility
> 12750 Highway 96
> Ordway, CO 81034

IT IS SO ORDERED.

DATED: August 2, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE