UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1663 AC P<br><br><br>ORDER |

I. BACKGROUND

Plaintiff is a former California state prisoner, most recently incarcerated in Colorado, who proceeds pro se with a complaint alleging he was injured by a defective hernia mesh and inadequate medical care. Named defendants in the original complaint included the manufacturers of a Bard/Davol hernia mesh product, and individual administrators and medical providers at High Desert State Prison and Banner Lassen Medical Center.

By order filed August 6, 2018, this case was transferred to the United States District Court for the Southern District of Ohio pursuant to a Multidistrict Litigation (MDL) Order consolidating similar products liability cases from across the nation. See ECF No. 11. By MDL Order filed March 3, 2019, all claims filed against any defendant other than C.R. Bard, Inc. and Davol, Inc. were separated and remanded to this court, and this case was reopened. See ECF No. 12.

## II. PLAINTIFF'S CURRENT ADDRESS IS UNKNOWN

Plaintiff's name does not appear on the "inmate locator" websites operated by either the California Department of Corrections and Rehabilitation or the Colorado Department of Corrections.[1] Plaintiff's last address of record, the Arkansas Valley Correctional Facility (AVCF) in Ordway, Colorado (a facility operated by the Colorado Department of Corrections), was most recently used by plaintiff on February 5-6, 2019, when he submitted a request to proceed in forma pauperis. See ECF No. 12-5 at 10-1. In the absence of plaintiff communicating directly with this court, service of this court's orders must necessarily be made on plaintiff at his last address of record.

Failure of plaintiff to respond to this order within thirty days, provided the order is not returned by the U.S. Postal Service, shall result in a recommendation that this action be dismissed without prejudice. See Local Rule 110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Alternatively, if this order is returned by the U.S. Postal Service as undeliverable, failure of plaintiff to notify the court of his current address within sixty-three days thereafter shall result in a recommendation that this action be dismissed without prejudice. See Local Rule 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

////

////

---

[1] See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by the California Department of Corrections and Rehabilitation); see also http://www.doc.state.co.us/oss/ Inmate Locator website operated by the Colorado Department of Corrections). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

### III. IN FORMA PAUPERIS APPLICATION

Exhibits to the MDL remand order include plaintiff's February 2019 request to proceed in forma pauperis, completed while plaintiff was still incarcerated at AVCF. See ECF No. 12-4 at 1; ECF No. 12-5 at 1-11. Plaintiff's affidavit and prison trust account statement make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Assuming plaintiff's continued incarceration, he must pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the Colorado Department of Corrections to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of this Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

If plaintiff informs this court that he is no longer incarcerated, the undersigned will reevaluate the requirement that he pay the filing fee through his inmate trust account.

### IV. PLAINTIFF SHALL FILE A FIRST AMENDED COMPLAINT

Due to the passage of time since the filing of the original complaint, and the severing of plaintiff's claims by the MDL Order, plaintiff is directed to file a First Amended Complaint (FAC) within thirty days that clearly identifies the claims he now seeks to pursue in this action, and identifies the appropriate defendants. The court will then screen plaintiff's FAC accordingly.

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, see ECF No. 12-5 at 5-11, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

All fees shall be collected and paid in accordance with this court's order to the Director of the Colorado Department of Corrections filed concurrently herewith.

    3. The original complaint in this action, ECF No. 1, is dismissed with leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order.

    4. Failure of plaintiff to timely comply with this order, if the order is not returned as undeliverable by the U.S. Postal Service, shall result in a recommendation that this action be dismissed without prejudice. Local Rules 110, 182(f).

    5. Alternatively, in the event attempted service of this order is unsuccessful, thus preventing plaintiff's response, failure of plaintiff to notify the court of his current address within sixty-three (63) days after the return of the order by the U.S. Postal Service shall result in a recommendation that this action be dismissed without prejudice. Local Rule 183(b).

    6. The Clerk of Court is directed to serve a copy of this order on plaintiff, together with a blank form used by prisoners in this district for filing a civil rights complaint, at plaintiff's last address of record:

> John Greschner, Reg. No. 167356
> Arkansas Valley Correctional Facility, Unit 5C-211
> 12750 Highway 96, Lane 13
> Ordway, CO 81034

IT IS SO ORDERED.

DATED: March 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE