UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | No. 2:15-cv-1663 MCE AC P<br><br>ORDER |

Pursuant to 42 U.S.C. § 1997e(g)(1),[1] defendant Jeffrey Rohlfing, through counsel, waives his right to reply to the First Amended Complaint (FAC) filed by plaintiff, a state prisoner, on April 22, 2019. Pursuant to 42 U.S.C. § 1997e(g)(2) and the reasons set forth below, defendant Rohlfing is directed to file a reply to the FAC.

On October 2, 2019 this court directed the United States Marshal to serve a copy of the summons, FAC and related materials on four defendants, including CDCR physician Rohlfing. ECF No. 21. Rohlfing states that he received service on November 1, 2019. ECF No. 24 at 1. No other defendant has yet appeared in this action.

////

---

[1] While it is clear this is the statute upon which defendant relies, defendant incorrectly cites to 42 U.S.C. § 1997(d)(g) and §(e)(g). ECF No. 24.

1

42 U.S.C. § 1997e(g)(1) provides:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

Under 42 U.S.C. § 1997e(g)(2), "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

The court's screening of this case pursuant to 42 U.S.C. § 1997(c), particularly its analysis of plaintiff's allegations against defendant Rohlfing, demonstrated that plaintiff has a reasonable opportunity to prevail on the merits of his Eighth Amendment medical deliberate indifference claim against Rohlfing. The court stated in pertinent, ECF No. 18 at 4-6:

> Defendant Dr. Jeffrey Rolfing,[2] a CDCR physician at HDSP, provided plaintiff's aftercare. Plaintiff alleges that upon his return to HDSP after surgery, Dr. Rolfing "was deliberately indifferent to my serious medical needs when he refused to change my filthy dressings." ECF No. 15 at 5. Plaintiff alleges that his surgical site became infected as a result of the allegedly defective hernia mesh, yet Dr. Rolfing refused to treat it, "making plaintiff change dressings and do self care due to no alternative." Id. More specifically, plaintiff alleges, id. (with minor edits):
>
>> Doctor Rolfing stated to plaintiff: We don't change the dressings. We let them fall off on their own. This was after plaintiff told Dr. Rolfing that plaintiff was forced to put toilet paper over the open stomach wound which was oozing infectious pus, as the original surgical dressing was filled with infected pus. Plaintiff knew that he wasn't going to receive any help from Dr. Rolfing, so he told him to give plaintiff dressing so he could self care. This caused the infection to rage in plaintiff for 6-8 months, and the surgical incision site would not close for over 90 days. This caused permanent nerve & tissue damages, pain and suffering. . . . chronic, intractable pain & suffering, requiring life-long pain medications, which is worsening as time passes. Plaintiff suffers from mental pain & emotional suffering due to the unrelenting burning nerve pain & damages, w/sleep deprivation, daily life function impairment via cognitive disabilities, mobility impairment, and rage.

---

[2] The court used the incorrect spelling of defendant Rohlfing's name as it was set forth in the FAC.

2

> The court finds plaintiff's allegations against defendant Rolfing sufficient to state a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs. Specifically, a viable claim is stated by the allegations that Dr. Rolfing knowingly refused to treat plaintiff's open, pus-filled surgical site, resulting in a prolonged infection of the site, scarring, and chronic pain. See Farmer v. Brennan, 511 U.S. 825, 845, 847 (1994) (a prison official acts with deliberate indifference if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). Although further development of the facts may show that plaintiff's decision to "self care" deprived Dr. Rolfing of a reasonable opportunity to assess the seriousness of plaintiff's medical needs and/or to treat those needs, the allegations as framed are sufficient to state an Eighth Amendment deliberate indifference claim against Rolfing.

Notwithstanding the statutory option of a defendant in a prisoner civil rights actions to waive his or her right to reply, it is the policy of this court to routinely require such replies, as demonstrated by the language of the court's recently adopted Electronic Service orders (directing that "[i]f a defendant waives service or is personally served, he will be required to reply to the complaint. 42 U.S.C. § 1997e(g)(2)."). Moreover, the Ninth Circuit Court of Appeals has expressly urged district courts to require replies from defendants in prisoner civil rights cases "to the aid the court" in its determinations. See e.g. Turner v. Morris, 165 F.3d 918 (9th Cir. 1998) (Table), 1998 WL 833616 (9th Cir. 1998).

Accordingly, IT IS HEREBY ORDERED that defendant Rohlfing shall file and serve his reply to plaintiff's First Amended Complaint within twenty-one (21) days after the filing date of this order.

DATED: December 16, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE