UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER, | No. 2:15-cv-1663 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a former California state prisoner currently incarcerated in a Colorado state prison. Plaintiff proceeds pro se and in forma pauperis with this civil rights action challenging his medical care at High Desert State Prison (HDSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). This action proceeds against Banner Lassen Medical Center and two of its physicians, Dr. Dale Syverson and Dr. Arthur Schwartz, and CDCR physician Dr. Jeffrey Rolfing. Plaintiff claims (1) that when he obtained hernia repair surgery, the Banner defendants were negligent in promoting and implanting a defective Davol-Bard hernia plug and mesh into his abdomen; and (2) that, upon his return to HDSP, defendant Rolfing was deliberately indifferent in treating plaintiff's infection. Currently pending is plaintiff's request for appointment of counsel.

////

1

District courts do not have authority to require an attorney to represent an indigent prisoner in a civil rights case. Mallard v. United States District Court, 490 U.S. 296, 298 (1989) Although the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), this is appropriate only in certain "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. Id.

Plaintiff requests appointment of counsel on the grounds that this litigation and the necessary discovery is complex; that due to the current COVID-19 medical quarantine plaintiff has no access to the prison law library (while he can request copies of cases, he is unable to access legal research tools to identify the cases he needs); and that he is unable to pursue settlement negotiations with defense counsel on his own.

Although this case has a more complex history than most prisoner civil rights actions,[1] the court finds that current circumstances do not support the appointment of counsel. Service of process remains outstanding for defendant Dr. Syverson, and Dr. Schwartz has waived service but not yet responded to the complaint. Defendant Dr. Rohlfing answered the complaint, while

---

[1] This case was transferred on August 6, 2018 to the U.S. District Court for the Southern District of Ohio, along with several other cases throughout the United States for consolidation in Multidistrict Litigation Case No. 2846 ("In re: Davol, Inc. / C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation"). See ECF No. 11. By order filed March 13, 2019, the Multidistrict Panel severed plaintiff's product liability claims against Davol and Bard from his other claims, as set forth in his original complaint, and remanded the latter claims back to this court. See ECF No. 12 at 1. Specifically, the Panel found "[i]t appears that plaintiff has asserted two sets of claims in this action: (1) product liability claims against defendants C.R. Bard, Inc., and Davol, Inc., for defective surgical hernia mesh; and (2) claims against other defendants, including constitutional law violations pursuant to 42 U.S.C. § 1983, negligence under California Civil Code §1714(a), and medical malpractice pursuant to California Civil Code § 1714(a)." Id. Accordingly, the Panel ordered that "all claims filed against any defendant other than C.R. Bard, Inc., and Davol, Inc., are separated and remanded to the transferor court." Id.

defendant Bannon Lassen Medical Center has filed a motion to dismiss for which this court has stayed further briefing pending the appearance of all defendants. The court has not yet issued a discovery and scheduling order. Because discovery has not yet formally commenced in this action, it is premature to request the assistance of counsel to conduct discovery.

Additionally, the court finds persuasive the additional facts provided by defendant Rohlfing in opposition to the motion. Plaintiff has identified six categories of discovery that he wishes to pursue, and for which he seeks the assistance of counsel. The first three areas involve the Banner defendants' knowledge of the risks associated with the Bard-Davol device. The second three topics involve Dr. Rohlfing; plaintiff seeks documents related to the prior suspension of his employment with CDCR, medical records demonstrating Rohlfing's alleged "forced psychiatric evaluation," and the reasons for his reinstatement at CDCR. ECF No. 38 at 1. Rohlfing responds that "Plaintiff already propounded to Dr. Rohlfing a discovery request seeking the same categories of documents named in his motion, so attorney assistance obviously is not required." ECF No. 39 at 1-2. Defense counsel has provided a copy of "Plaintiff's First Discovery Request to Defendant Jeffrey Rohlfing," which supports this representation. Id. at 5 (Ex. A). Rohlfing also argues that his Answer to the complaint provides the information plaintiff seeks; the point is well taken.[2] At least for present purposes, it is apparent that plaintiff's need for the assistance of counsel is not as urgent as he asserts. He has demonstrated his ability to

////

---

[2] As set forth in response, ECF No. 39 at 2, counsel for defendant Rohlfing "respectfully calls the Court's attention to the following factual information in Defendant's Answer (Docket No. 27), ¶ 6:
> Defendant admits that, following an employment dispute with CDCR in the mid-2000s that was unrelated to the facts of this case, the State Personnel Board ordered Defendant's privileges at CDCR reinstated in approximately 2008 and 2009. As of the alleged date of Plaintiff's hernia surgery (October 9, 2013), Defendant's medical license was, and for several years had been, in good standing with the Division of Medical Quality of the Medical Board of California. Docket 27, 2:22-27. Defendant's Answer also asserts that he was not disciplined in any way relating to his alleged care for Plaintiff in 2013. Docket 27, 2:20-22. Respectfully, these admissions show that Defendant's employment action with CDCR resolved years before Plaintiff's surgery.

3

represent himself at the discovery stage.  In any event, the current circumstances are not exceptional.

Accordingly, for these reasons, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 38, is denied without prejudice.

DATED: May 26, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE