UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER, | No. 2:15-cv-1663 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a former California state prisoner currently incarcerated in Colorado. Plaintiff proceeds pro se and in forma pauperis with this civil rights action challenging the quality of the medical care he received during his prior incarceration at High Desert State Prison (HDSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Currently pending is plaintiff's combined motion for leave to amend the operative First Amended Complaint (FAC), and for appointment of counsel. See ECF No. 41. Defendant Rohlfing opposes the motion. ECF No. 44. For the reasons that follow, the undersigned denies the motion as to both matters.

Plaintiff seeks leave to amend the operative FAC (ECF No. 15), as previously screened by

1

the court (ECF No. 18), to add defendants "John/Jane Does." ECF No. 41. Under the Federal Rules of Civil Procedure, a party may amend its pleading upon leave of court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). After the filing of responsive pleadings, as here, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted).

Putative defendants CDCR Secretary and "HDSP John/Jane Does" were previously dismissed from this action. See ECF Nos. 18, 23. Noting plaintiff's broad allegations in the FAC that the "Secretary of CDCR and HDSP personnel were deliberately indifferent to my serious medical needs, denied me due process of law & equal protection of the law" by contracting with Banner-Lassen Medical Center to provide plaintiff's medical care, ECF No. 15 at 6, this court recommended dismissal of the CDCR Secretary (identified as "Secretary John Doe") because "the wide-ranging injunctive relief sought by plaintiff [] cannot reasonably be implemented by the CDCR Secretary."[1] ECF No. 18 at 7-8 (citation omitted). This court also recommended the dismissal of defendants "HDSP personnel," including potential supervisorial defendants, as "too broad to identify appropriate defendants, because liability requires an alleged affirmative connection between the conduct challenged and specifically identified defendants." Id. at 8 (citations omitted). The district judge adopted the undersigned's recommendations and dismissed these defendants. ECF No. 23.

Plaintiff now asserts that "John/Jane Does" should be named in a Second Amended Complaint as "the culpable parties . . . until the completion of the Discovery process, which will clearly illustrate the culpable parties." ECF No. 41 at 2. Plaintiff's request is without merit for the reasons noted above. Moreover, the screening order expressly left open the possibility of amending the complaint "upon further development of the record" that may reveal specific additional defendants and/or claims. ECF No. 18 at 7 n.5. Further, naming Doe defendants,

---

[1] Plaintiff sought "injunctive relief restraining CDCR & employees [&] agents from hiring or contracting with any medical facility or medical provider without first ensuring that said contracted agents were competent to provide the treatment & care in accord with the US Const. Amdt 8 mandates, and all requirements of California state laws." ECF No. 15 at 9.

1   particularly without specific charging allegations, is disfavored in the Ninth Circuit.  See
2   Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  If, through discovery, plaintiff can
3   specifically identify a defendant whom he now considers "Doe," against whom he can clearly
4   allege a cognizable claim, plaintiff may then seek leave of court to add the named defendant and
5   claim.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Brass v. County of Los
6   Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).  For these reasons the undersigned finds that
7   plaintiff's proposed amendment of the FAC would be futile and therefore not required by the
8   interests of justice.  Fed. R. Civ. P. 15(a)(2).  Therefore, plaintiff's motion for leave to file a
9   Second Amended Complaint will be denied without prejudice.

10   Plaintiff also requests, for the second time, appointment of counsel.[2]  Plaintiff's prior
11   request, filed May 8, 2020, ECF No. 38, was denied without prejudice on May 27, 2020, ECF No.
12   40.  Plaintiff's instant request was prepared prior to the court's May 27, 2020 ruling.  The reasons
13   for the instant request are nearly identical to those identified in plaintiff's former request – alleged
14   complexity of case, lack of access to the prison library due to the COVID-19 quarantine, and
15   inability to communicate directly with defense counsel.  See ECF No. 40 at 3-4.  Plaintiff adds
16   that he is unable to email defense counsel and must rely on "snail mail," and that being
17   incarcerated makes it more difficult to conduct discovery.  Id. at 3.  These several factors are
18   shared with most prisoners and do not, therefore, establish "exceptional circumstances"
19   warranting the appointment of counsel.  In addition, although the court is unable at this juncture
20   to assess the likelihood of plaintiff's success on the merits of his claims, plaintiff has

---

[2] Plaintiff was previously informed of the following legal standards for considering a prisoner's request for appointment of counsel in a civil rights action.  District courts do not have authority to require an attorney to represent an indigent prisoner in a civil rights case.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989) Although the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), this is appropriate only in certain "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel.  Id.

demonstrated that he is fully capable of articulating and pursuing his claims pro se, including discovery.

Plaintiff's citation to Agyeman v. Corr. Corp. of America, 390 F.3d 1101, 1103-04 (9th Cir. 2004), cert. denied sub nom Gerber v. Agyeman, 545 U.S. 1128 (2005), is unhelpful.  In Agyeman, the Ninth Circuit ruled that the complexity of that case was an exceptional circumstance warranting appointment of counsel.  Agyeman was a federal civil immigration detainee who had been incarcerated for a period of seven years when he was fully shackled for transport to an emergency medical facility while apparently suffering from cardiac arrest, then "restrained in an unnatural position in a locked cell and fastened to a bed for . . . [a]t least 12 hours."  Plaintiff, who was barely conscious, was knocked to the floor by officers for refusing to comply with an order and suffered physical injuries.  The Court of Appeals found that plaintiff's claims against the Corrections Corporation and its employees "had a triple complexity" on the following grounds:

> First, to the extent that Agyeman sought to hold Corrections Corporation itself liable, the case could not be brought under Bivens, since Corrections Corporation is a private corporation. Alternatively, he could have sued the corporation directly in tort and he could have sought injunctive relief.  Agyeman would have had the option of bringing this suit against Corrections Corporation by joining the latter as a defendant in the suit under the Federal Tort Claims Act and requesting the district court to exercise supplemental jurisdiction over this defendant. Second, to the extent that Agyeman sought recovery from individual employees of the Corrections Corporation, the case had to brought as a Bivens action.  Third, to the extent that Agyeman's status as a person being held on noncriminal charges enhanced his rights beyond those of an ordinary criminal prisoner, an issue was presented whether the standard Bureau of Prison rules governing the transfer of prison inmates were applicable to him.

Agyeman, 390 F.3d at 1104 (citations omitted).  The Court of Appeals concluded, id.:

> Without a lawyer, Agyeman . . . did not advance any coherent theory for subjecting Corrections Corporation to liability.  His case, in short, was complex. The circumstances were exceptional. The magistrate judge who ruled on Agyeman's request for counsel knew very little of the likelihood of his success on a claim that had not been properly framed.

The instant case does not present similar complexity.  Plaintiff's legal status and rights as a California state prisoner challenging the quality of his medical care under the Eighth Amendment and 42 U.S.C. § 1983, and state law, are well established.  This action proceeds against Banner Lassen Medical Center and two of its physicians, Dr. Dale Syverson and Dr. Arthur Schwartz, and CDCR physician Dr. Jeffrey Rolfing, challenging both plaintiff's surgery and his aftercare.  Although the history of this case may be more complex than most prisoner civil rights actions, the case has been streamlined by the severance of plaintiff's products liability claims.[3]

For these several reasons, this court does not find exceptional circumstances warranting the appointment of counsel at this time.

Finally, the court notes that plaintiff has not filed a timely response to defendant Syverson's motion to dismiss.[4]  See ECF No. 42 (motion to dismiss filed June 10, 2020).  See Local Rule 230(l) ("Opposition, if any, to the granting of the motion [filed in a prisoner case] shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion.").  This order will provide plaintiff additional time to respond to the motion.  Failure to meet the extended deadline may result in a recommendation that defendant Syverson's motion be granted.  See id. ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the

---

[3] This case was transferred on August 6, 2018 to the U.S. District Court for the Southern District of Ohio, along with several other cases throughout the United States for consolidation in Multidistrict Litigation Case No. 2846 ("In re: Davol, Inc. / C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation").  See ECF No. 11.  By order filed March 13, 2019, the Multidistrict Panel severed plaintiff's product liability claims against Davol and Bard from his other claims, as set forth in his original complaint, and remanded the latter claims back to this court.  See ECF No. 12 at 1. Specifically, the Panel found "[i]t appears that plaintiff has asserted two sets of claims in this action: (1) product liability claims against defendants C.R. Bard, Inc., and Davol, Inc., for defective surgical hernia mesh; and (2) claims against other defendants, including constitutional law violations pursuant to 42 U.S.C. § 1983, negligence under California Civil Code §1714(a), and medical malpractice pursuant to California Civil Code § 1714(a)."  Id.  Accordingly, the Panel ordered that "all claims filed against any defendant other than C.R. Bard, Inc., and Davol, Inc., are separated and remanded to the transferor court."  Id.

[4] The court further notes that plaintiff's recently filed motion for default judgment against defendant Schwartz is also pending.  ECF No. 45.

5

motion and may result in the imposition of sanctions.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the FAC and for appointment of counsel, ECF No. 41, is DENIED;

2. Plaintiff shall, on or before Friday, August 14, 2020, file and serve a response to the motion to dismiss filed by defendant Syverson (ECF No. 42); failure to timely respond may result in a recommendation that the motion be granted.

DATED: July 22, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6