UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:15-cv-1663 MCE AC P<br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff is a former California state prisoner, currently incarcerated in Colorado, who proceeds pro se and in forma pauperis with this civil rights action challenging the quality of the medical care he received while incarcerated at High Desert State Prison under the authority of the California Department of Corrections and Rehabilitation. This action proceeds against several defendants on plaintiff's First Amended Complaint (FAC), ECF No. 15, as screened by the court pursuant to 28 U.S.C. § 1915A, ECF No. 18. Currently pending is plaintiff's motion for default judgment against defendant Dr. Arthur A. Schwartz. ECF No. 45. For the reasons that follow, defendant Schwartz is directed to show cause why default judgment should not be entered against him.

In October 2019, this court directed the United States Marshal to notify defendants of this action and request their waivers of service. ECF No. 21. On April 9, 2020, defendant Schwartz, proceeding pro se, submitted his executed waiver of service. ECF No. 37. That waiver clearly directed defendant to respond to the complaint within 60 days after March 23, 2020. Id. at 1. This period of time has expired without defendant Schwartz responding to the complaint or otherwise communicating with plaintiff or the court.

The waiver filed by defendant Schwartz did not result in his inclusion in the court's service list for this case, and plaintiff did not serve defendant with his motion for default judgment. Therefore, on July 28, 2020, the undersigned directed the Clerk of Court to add defendant Schwartz's address to the docket and to include him on the regular service list.

To obtain default judgment against a defendant under Rule 55, Federal Rules of Civil Procedure, a plaintiff must proceed with the Rule's "the two-step process." Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (citation omitted). The first step is to request that the Clerk of the Court enter default based on a showing "by affidavit or otherwise" that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiff did not follow this step. Nevertheless, because the directive of Rule 55(a) is mandatory upon a sufficient showing ("the clerk *must* enter the party's default" (emphasis added)), the undersigned will direct the Clerk of Court to enter the default of defendant Schwartz due to his failure to timely respond to the FAC.

When, as in the instant case, plaintiff is not seeking a sum certain, the second step requires plaintiff to "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Plaintiff has satisfied this step with his pending motion. ECF No. 45. However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)). "[D]efault judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits." Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985) (citation omitted).

The decision whether to grant or deny an application for default judgment lies within the

sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel, 782 F.2d at 1471-72 (citation omitted).

This court's evaluation of these factors in the instant case requires additional briefing. Defendant Schwartz will be informed of the court's entry of default against him and plaintiff's motion for default judgment, and will be directed to show cause, in a written memorandum, why his default should be vacated and why default judgment should not be entered against him. Plaintiff will be provided an opportunity to respond.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to enter default against defendant Dr. Andrew A. Schwartz pursuant to Rule 55(a), Federal Rules of Civil Procedure.

2. Within thirty (30) days after service of this order, defendant Schwartz is directed to file and serve a written response showing cause why his default should be vacated and default judgment should not be entered against him.

3. Within twenty-one (21) days after service of defendant Schwartz's response, plaintiff may file and serve a reply.

4. The Clerk of Court is further directed to send to defendant Schwartz, together with a copy of this order: (1) a copy of the docket to date, and (2) a copy of plaintiff's motion for default judgment (ECF No. 45).

IT IS SO ORDERED.

DATED: July 30, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE