UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER, | No. 2:15-cv-1663 MCE AC P |
| Plaintiff, | |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER |
| Defendants. | |

    Plaintiff John Greschner is a former California state prisoner, currently incarcerated in Colorado, who proceeds pro se with this civil rights action against defendants Rolfing, Syverson, Schwartz, and Banner Lassen Medical Center on claims of medical deliberate indifference and state law medical negligence. Pending is a motion filed by defendant Arthur A. Schwartz, M.D., to set aside the default entered against him on July 30, 2020. For the reasons set forth below, the entry of default is vacated and defendant Schwartz is directed to file and serve a response to the First Amended Complaint.

    The pending motion was preceded by this court's order to show cause filed July 30, 2020, following the filing of plaintiff's motion for default judgment against Schwartz. The undersigned

1

1  directed the Clerk of Court to enter default against Schwartz and directed him to show cause why

2  default judgment should not be entered, ECF No. 51.  The court noted in pertinent part, id. at 2:

3  
> On April 9, 2020, defendant Schwartz, proceeding pro se, submitted his executed waiver of service. ECF No. 37. That waiver clearly directed defendant to respond to the complaint within 60 days after March 23, 2020. Id. at 1. This period of time has expired without defendant Schwartz responding to the complaint or otherwise communicating with plaintiff or the court. [¶] The waiver filed by defendant Schwartz did not result in his inclusion in the court's service list for this case [because the waiver was completed pro se and anticipated defendant's formal appearance], and plaintiff did not serve defendant with his motion for default judgment. Therefore, on July 28, 2020, the undersigned directed the Clerk of Court to add defendant Schwartz's address to the docket and to include him on the regular service list.

10  The court directed the Clerk of Court to serve defendant Schwartz with the order to show cause

11  and plaintiff's motion for default judgment.  ECF No. 51 at 3.

12      In response, defendant Schwartz filed the pending motion to set aside default, ECF No.

13  57, together with a supporting memorandum, ECF No. 58, and his declaration, ECF No. 59.

14      Under Rule 55, Federal Rules of Civil Procedure, "[t]he court may set aside an entry of

15  default for good cause[.]"  Fed. R. Civ. P. 55(c).  In assessing whether a defendant has

16  demonstrated good cause, the court considers three factors:

17  
> . . . (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.

23  United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations and internal quotation

24  marks and edits omitted).

25      The court addresses these factors ad seriatim.  First, "[a] defendant's conduct is culpable if

26  he has received actual or constructive notice of the filing of the action and intentionally failed to

27  answer. . . .  [T]he term 'intentionally' means that a movant cannot be treated as culpable simply

28  for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable,

the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092 (citations and internal quotation marks and edits omitted).

Defendant Schwartz informs the court that he provided surgical services at Banner Lassen Medical Center for many years and retired from practice in 2016. ECF No. 59 at 1. Schwartz avers that when he executed his waiver of service of summons, "I mistakenly assumed that by signing the document, I was simply acknowledging existence of the suit and that I was a named defendant. Thereafter, I did not receive any further documentation pertaining to this case until I received the Court's July 30, 2020 order entering default. Upon receipt of that order, I contacted my professional liability insurance carrier and was assigned counsel to represent me." ECF No. 59 at 1.

In essence, defendant Schwartz concedes that he failed to timely appear in this action due to his neglect in failing to fully read and comply with the waiver he signed. Nevertheless, such negligence—particularly in light of defendant's retirement four years ago, and the fact that he did not receive any further communications regarding this case—reflects neither bad faith nor an intentional effort to interfere with legal processes. Defendant's statement demonstrates to the court's satisfaction that his failure to timely appear in this action was an oversight but not the type of culpable conduct that would preclude setting aside default. The court finds, therefore, that defendant has satisfied the first factor of good cause to set aside default.

Second, "[t]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." Mesle, 615 F.3d at 1094 (citations and internal quotation marks and edits omitted).

In the present case, defendant Schwartz describes his legal defense as follows, ECF No. 59 at 2:

////

> I do specifically recall this case, and I am confident, based on my custom and practice, that the care I provided was reasonable, appropriate and within the standard of care. My performance of this surgery was in the manner consistent with my education, training, and experience. [Defendant] Dr. Syverson and myself would not have proceeded with the surgery without plaintiff's informed consent and I conclude that all of the surgical equipment we used during this surgery, including the abdominal mesh, was appropriate.

These alleged facts, if true, are sufficient to support a meritorious defense, thus satisfying the second element of good cause to set aside default.

Third, the court must consider whether setting aside Schwartz' default would be prejudicial to plaintiff. In the broader context of a default judgment, "[t]o be prejudicial, the setting aside . . . must result in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095 (citation and internal quotation marks omitted). To be prejudicial the delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996) (default judgment).

In the instant case, defendant Schwartz contends that vacating the entry of default against him would not prejudice plaintiff for the following reasons, ECF No. 58 at 4:

> In the instant matter, there has been no delay in resolution of this case as a result of the entry of default and plaintiff's ability to pursue his claim has not been hindered. Indeed, it appears the case remains at the pleading stage as neither of the co-defendants have filed an Answer. The delay involved in vacating the entry of default, to the extent there has been one, has not resulted in the loss of evidence or any increase in the difficulty of discovery. Dr. Schwartz intends to promptly file a responsive pleading, assuming the entry of default is vacated, and adjudicating this case on the merits would not prejudice plaintiff.

Schwartz' argument is persuasive. As of the filing date of this order, only defendant Rohlfing has answered the FAC. ECF No. 27. Defendants Banner Lassen and Syverson have each filed a motion to dismiss. ECF Nos. 30, 42. These matters have not yet been decided by the court. Due to the pendency of these matters and because formal discovery has not yet commenced in this action, the court finds that the delay attributable to Schwartz' failure to timely

////

1  appear in this action, coupled with the additional time required for him to file a responsive
2  pleading, will not prejudice plaintiff.
3      For these reasons, the undersigned finds that defendant Schwartz has established good
4  cause to set aside the entry of default.  See Fed. R. Civ. P. 55(c); Mesle, 615 F.3d at 1091.
5      Accordingly, IT IS HEREBY ORDERED that:
6      1.  The court's order to show cause filed July 30, 2020, ECF No. 51, is DISCHARGED.
7      2.  Defendant Schwartz' motion to set aside default, ECF No. 57, is GRANTED.
8      3.  The default entered against defendant Schwartz on July 30, 2020, ECF No. 52, is
9  VACATED.
10      4.  Plaintiff's motion for default judgment against defendant Schwartz, ECF No. 45, is
11  DENIED.
12      5.  Defendant Schwartz shall file and serve his response to the First Amended Complaint
13  within thirty (30) days after the filing date of this order.
14      IT IS SO ORDERED.
15  DATED: September 1, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE