UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRESCHNER, | No. 2:15-cv-1663 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.     <u>Procedural History</u>

This case proceeds on plaintiff's first amended complaint. ECF No. 15. On screening, the undersigned found that plaintiff had stated a claim for deliberate indifference against defendant Rohlfing and state law medical negligence claims against defendants Banner Lassen Medical Center (Banner Lassen), Syverson, and Schwartz. ECF No. 18.

After service of the complaint, Rohlfing and Schwartz answered the complaint (ECF Nos. 27, 65), while Banner Lassen and Syverson moved to dismiss the complaint as untimely (ECF Nos. 30, 42). Banner Lassen and Syverson subsequently withdrew their motions to dismiss and

answered the complaint.[1]  ECF Nos. 55, 56, 61, 62.  Defendants Banner Lassen, Syverson, and Schwartz then filed motions for summary judgment.  ECF Nos. 63, 73, 78.  Plaintiff has opposed the motions and requested the court order full discovery.  ECF Nos. 68, 71, 72, 74, 79.  Plaintiff has also filed a motion to amend the complaint (ECF No. 64) which defendants Banner Lassen and Schwartz oppose (ECF Nos. 66, 67).

### II. Motion to Amend

Plaintiff's motion to amend states that he seeks to name Banner Health as a defendant and to add a fraud claim against Banner Lassen, Syverson, and Schwartz.[2]  Defendant Banner Lassen has opposed the motion on the grounds that there is no practical distinction between Banner Lassen and Banner Health, since Banner Health own, operates, and does business as Banner Lassen.  Banner Lassen also argues that plaintiff cannot state a claim for fraud.  ECF No. 66.  Defendant Schwartz joined in the opposition.  ECF No. 67.

The motion to amend is not accompanied by a proposed amended complaint, as required by Local Rule 137(c), and will therefore be denied.  In the event plaintiff chooses to file another motion to amend, any such motion must be accompanied by a copy of the proposed amended complaint.  Plaintiff is advised that in order to state a claim for fraud, he must allege facts demonstrating that there was

> (1) a false representation, actual or implied, or the concealment of a matter of fact, material to the transaction, made falsely; (2) knowledge of the falsity, or statements made with such disregard and recklessness that knowledge is inferred; (3) intent to induce another into relying on the representation; (4) reliance by one who has a right to rely; and (5) resulting damage.

Pearson v. Norton, 230 Cal. App. 2d 1, 7 (Cal. Ct. App. 1964) (citation omitted).  All elements must be present for a claim to be successful.  Id. at 7-8.

////

---

[1] Both defendants' withdrawals were contained in the replies to their motions to dismiss and were not properly docketed to reflect the withdrawal.  ECF Nos. 55, 56.  The Clerk of the Court will be directed to update the docket accordingly.

[2] The motion also states that plaintiff seeks to add claims of medical negligence and malpractice (ECF No. 64 at 3), but this case is already proceeding on a medical negligence claim against defendants Banner Lassen, Syverson, and Schwartz (ECF No. 18 at 6-7).

### III. Motions for Summary Judgment

Defendants Banner Lassen, Syverson, and Schwartz have moved for summary judgment. ECF Nos. 62, 73, 78. However, due to administrative oversights, a discovery and scheduling order was not issued after defendants filed their answers and a formal discovery period was never commenced. Although it appears from plaintiff's oppositions and motion for full discovery that some discovery has taken place between the parties, the extent of the discovery that has been conducted is unclear and plaintiff indicates a desire to file a motion to compel further answers to some of this discovery requests that he argues are material to proving his claims. ECF Nos. 68, 71, 72, 74, 76, 77, 79.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted).

In light of plaintiff's representations that he requires additional discovery related to defendants' knowledge that the mesh used in his surgery was defective, plaintiff's motion for discovery will be granted to the extent the court will, by separate order, set a schedule for discovery and the motions for summary judgment will be denied without prejudice to renewal upon the close of discovery. Because plaintiff has represented that some discovery has already taken place and given the age of this case, discovery shall take place on an expedited basis.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to reflect that defendants Banner Lassen Medical Center and Syverson's replies (ECF Nos. 55, 56) are also notices of withdrawal of their motions to dismiss and that the motions to dismiss (ECF Nos. 30, 42) are

3

WITHDRAWN.

2.  Plaintiff's motion to amend (ECF No. 64) is DENIED without prejudice to a motion in the proper form.

3.  Plaintiff's motion for discovery (ECF No. 72) is GRANTED to the extent the court will set a schedule for discovery by separate order and is otherwise DENIED.

4.  Defendants' motions for summary judgment (ECF Nos. 63, 73, 78) are DENIED without prejudice to renewal after the completion of discovery.

DATED: October 31, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE